# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : 3:17-CR-0258 |
| | : |
| v. | : (Judge Mariani) |
| | : |
| **LARRY GILLIAM** | : (Electronically Filed) |

## SUPPLEMENTAL BRIEF IN SUPPORT
## OF MOTION TO SUPPRESS PHYSICAL EVIDENCE

### Relevant Procedural History

On June 4, 2018, Larry Gilliam filed a Motion to Suppress Physical Evidence and a supporting brief. (Docs. 36 & 37). On July 18, 2018, the government filed a brief in opposition to Mr. Gilliam's motion to suppress evidence. (Doc. 40). On July 25, 2018, Mr. Gilliam filed a reply brief. (Doc. 41). By Order of November 9, 2018, this Honorable Court directed Mr. Gilliam to file a supplemental brief in support of his motion to specifically address his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). (Doc. 42).

### Discussion

In his motion to suppress physical evidence, Mr. Gilliam initially argued that the five separate searches of the home without a warrant—the use of the key in the front door, the initial entry into the house, the continued search on the other floors, the use of the key in the locked interior door, and entry of the room on the second

floor—violated his constitutional rights and therefore, the information gained from the unlawful search could not be used in the affidavit of probable cause in support of a search warrant. Mr. Gilliam maintains his position that when the information that was illegally gathered from the house is redacted from the affidavit, the remaining information is insufficient to establish probable cause to justify the search warrant. Thus, even if everything in the affidavit is true, the evidence should be suppressed because the search warrant was issued on the basis of tainted evidence.

As a supplemental position, Mr. Gilliam argued that the affidavit contains false statements that should also be redacted following a *Franks* hearing. This Honorable Court has directed Mr. Gilliam to "point to the portion(s) of the warrant affidavit that is claimed to be false" and include "a statement of supporting reasons" and "any affidavits or sworn or otherwise reliable statements of witnesses that Defendant deems necessary and relevant in support of his *Franks* motion, as well as any other relevant documentation or evidence." (Doc. 42 at 4-5).

The first false statement is as follows: "Palka advised Mr. Gilliam that Police knew he was staying in a house on North Main Street." While Palka may have made this statement, it was false and including it was misleading to the magistrate. The affidavit of probable cause itself shows that this statement is false

and the affiant must have known it was false and only said it to elicit information from Mr. Gilliam. There is no evidence anywhere that police knew that Mr. Gilliam stayed in a house on North Main Street. Police knew (1) that they had reports that his vehicles were parked "near the intersection of Butler and N. Main Street;" (2) that his truck was damaged at that same intersection; and (3) that they previously "checked several streets in the area" but "could not locate the truck or the BMW." (Exhibit A attached to the Brief in Support of Motion to Suppress Physical Evidence (Doc. 37) at 8). They did not know that he was staying at a house on North Main Street.

    The second false statements are as follows:

> Mr. Gilliam stated that there were only kids in the house. Det. Palka asked how old the oldest person in the house was and Mr. Gilliam stated "twelve."

(Exhibit A at 23). Mr. Gilliam did not make these statements. An affidavit signed by Mr. Gilliam is attached. (Gilliam Affidavit at ¶¶ 24 & 25).

    The third false statement is that Mr. Gilliam "was observed leaving there and followed to the buy and then followed directly back there after Police purchased the drugs from him." (Exhibit A at 13). The affidavit of probable cause itself shows that this statement was false. Mr. Gilliam was arrested after the controlled buy at McDonalds on River Street. "The CI walked away from the vehicle and

3

officers moved in and affected an arrest of Mr. Gilliam." (Exhibit A at 4). It is false to state that he was followed back to the residence at the conclusion of the controlled buy and the affiant must have known that was false. Moreover, at the time Mr. Gilliam was at the police station, according to the affiant, "Officers still did not know an actual address on North Main Street for Mr. Gilliam." (Exhibit A at 8). Thus, they could not have followed him back to the residence.

The fourth false statement is that officers went to conduct a welfare check "on the children that Gilliam advised officers were in the residence alone." (Exhibit A at 23). Gilliam did not advise officers that there were children alone in the residence. (Gilliam Affidavit at ¶ 23).

The fifth false statement is the reference to "the second floor front room in which Gilliam admitted staying during the time he was observed making the drug transactions[.]" (Exhibit A at 8). Mr. Gilliam did not admit to staying in a second floor front room of 374 North Main Street. (Gilliam Affidavit at ¶ 8).

Mr. Gilliam is also submitting an affidavit from Conni Overstreet, who was with Mr. Gilliam's children on July 21, 2017.

Mr. Gilliam has requested that undersigned counsel include the following arguments in his Supplemental Brief. The Fourth Amendment entitles a criminal defendant to an evidentiary hearing to be held at the defendant's request when a

defendant makes a substantial preliminary showing that a false statement . . . was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . ." *United States v. Rivera*, 524 Fed. Appx. 821, 826 (3d Cir. 2013) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).

A substantial preliminary showing of intentional or reckless falsity on the part of the affiant must be made in order for the defendant to have a right to an evidentiary hearing on the affiant's veracity to make the preliminary showing required for a *Franks* hearing. The defendant must show intentional or reckless falsity on the part of the affiant, *Id.*, and "cannot rest on mere conclusory allegations . . . but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements of witnesses." *United States v. Yusuf*, 461 F.3d 374, 383 n. 8 (3d Cir. 2006).

Thus, pursuant to *Franks*, 438 U.S. at 155-56, "when a warrant is obtained based upon a false statement made in a supporting affidavit, the fruits of the search warrant must be excluded if the remaining material, following the excision of the falsity, is independently insufficient to support a finding of probable cause." *United States v. Wade*, 956 F. Supp. 2d 638, 649 (W.D. Pa. 2013).

The Third Circuit has extended the right to a *Franks* hearing "to permit challenges based on factual omissions from the warrant affidavit." *United States v. Heilman*, 377 Fed. Appx. 157, 177 (3d Cir. 2010) (citation omitted). In *Heilman*, 377 Fed. Appx. at 177, the court addressed how the defendant must meet the threshold to obtain a *Franks* hearing and stated: The challenger must specifically identify allegedly false statements or omissions in the affidavit and provide a statement of reasons supporting the argument. *Franks*, 438 U.S. at 171. The challenger must also provide an offer of proof or give a satisfactory explanation for the absence of proof. *Id*. Sworn affidavits or reliable statement from witnesses are examples of offers of proof sufficient to satisfy the substantial preliminary showing. *Id*.; *Yusuf*, 461 F.3d at 383 n. 8.

When demonstrating that the affiant omitted a material fact or included a false statement with the requisite mens rea, it is sufficient to prove the affiant acted with negligence or made an innocent mistake. *Yosuf*, 461 F.3d at 383. If the challenger provides sufficient proof and obtains a *Franks* hearing, the challenger must prove by a preponderance that (1) the affiant made false statements or omissions intentionally, knowingly, or with reckless disregard for the truth, and (2) such statements were material to the probable cause determination. *Id*. If the challenger satisfies this burden, the court will excise the false statements and

6

omissions from the affidavit and assess whether the corrected affidavit establishes probable cause. In the present case, the claim that children were inside the house on North Main Street as a basis for a warrantless intrusion into the home is deceptive.

## Conclusion

Once the false statements are removed from the affidavit of probable cause, along with the information regarding the tainted evidence found during the initial unlawful entry, the redacted affidavit is not sufficient to support a finding of probable cause.

Respectfully submitted,

Date:  December 7, 2018    *s/Melinda C. Ghilardi*
**Melinda C. Ghilardi, Esquire**
**Assistant Federal Public Defender**
**Attorney I.D. # PA40396**

201 Lackawanna Avenue, Suite 317
Scranton, PA 18503-1953
(570) 343-6285
FAX (570) 343-6225
melinda_ghilardi@fd.org
Attorney for Larry Gilliam

# **CERTIFICATE OF SERVICE**

I, Melinda C. Ghilardi, Assistant Federal Public Defender, do hereby certify that the **Supplemental Brief in Support of Motion to Suppress Physical Evidence**, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing:

Todd K. Hinkley, Esquire
Assistant United States Attorney

and by placing the same in the United States Mail, first class in Scranton, Pennsylvania, addressed to the following:

Mr. Larry Gilliam


Date:  December 7, 2018                    *s/Melinda C. Ghilardi*
                                           **Melinda C. Ghilardi, Esquire**
                                           **Assistant Federal Public Defender**